IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES                                                          PLAINTIFF/RESPONDENT


V.                                       No.  3:11-CR-30010
                                         No.  3:13-CV-03045


IRENEO ARRIZON                                              DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. Section 2255 (ECF No. 67) filed April 8, 2013.  The United States of

America filed a Response (ECF No. 71) on May 6, 2013.  The Petitioner has not filed a Reply

and the matter is ready for Report and Recommendation.

### I.  Background

Ireneo Arrizon ("Arrizon") was named in Counts Four and Five of a five-count

Indictment filed in the Western District of Arkansas, Harrison Division, on November 2, 2011.

(ECF No. 2). Count Four charged Arrizon with conspiring to distribute methamphetamine, and

Count Five charged him aiding and abetting in distributing methamphetamine. In addition,

Arrizon was named in a Forfeiture Allegation filed with the Indictment stating he would forfeit

any property derived from his violations and any proceeds obtained from his violations.

On February 13, 2012, Arrizon appeared with counsel for a change of plea hearing before

the Honorable P.K. Holmes, III. (ECF No. 34). A written plea agreement was presented wherein

Arrizon would plead guilty to Count Five of the Indictment. (ECF No. 35). The Court reviewed

the plea agreement with Arrizon and he was advised of his rights and the penalties were set forth.

(ECF No. 34) A factual basis was set forth to which Arrizon agreed and the Court accepted his

plea    On March 22, 2012, the United States Probation Office in the Western District of

Arkansas prepared Arrizon's Presentence Investigation Report (PSR). (ECF No. 44). The PSR

assessed a Base Offense Level of 26. (PSR, ¶ 35). Arrizon received a two-point reduction due to

being a minor participant along with a 3-point reduction for acceptance of responsibility resulting

in a Total Offense Level of 21. (PSR, ¶¶ 38, 41, 42, & 43) . Arrizon had zero criminal history

points which established his criminal history category as I. (PSR, ¶ 46). The resulting advisory

guideline range was 30 - 37 months. (PSR, ¶ 66). However, pursuant to U.S.S.G. § 5G1.1(b),

Arrizon's guideline range was set at 60 months. (Id.). Neither the United States nor Arrizon had

any objections to the PSR.

On May 7, 2012, Arrizon appeared for sentencing. (ECF No. 43). During the sentencing

hearing, U.S. District Judge P.K. Holmes, III inquired of the defendant if he was fully satisfied

with his attorney, which Arrizon answered in the affirmative. (ECF No. 70, p. 3). Later in the

hearing, before sentence was passed but after an in-court review of the Guideline provision and

an acknowledgment of the five (5) year mandatory minimum that applied, Judge Holmes

provided Arrizon an opportunity to speak. (ECF No. 70, pp. 7, 8). At that time, Arrizon simply

asked for leniency and mentioned nothing about being surprised by or unaware of the mandatory

minimum. (Id.). Consequently, the District Court adopted the advisory guideline range as set

forth in the PSR and sentenced Arrizon to 60 months imprisonment, 4 years supervised release,

$7,500 fine, and $100 special assessment. (ECF No. 45). Count Four and the Forfeiture

Allegation were dismissed on motion by the United States. Finally, at the end of the sentencing,

the Court advised Arrizon of his rights to file an Appeal, and that if he could not afford one an

attorney, he could apply to the Court to proceed in forma pauperis. (ECF No. 70, pp. 10-11). Per

attorney Steve Hall, he met with Arrizon directly after the sentencing hearing. At that meeting, he

discussed with Arrizon the possibility of appeal and Arrizon expressed that he did not wish to

appeal and, consequently, signed a Waiver of Right to Appeal in which he gave up and

abandoned said right. (Exhibit A). Arrizon did not appeal his conviction or sentence.

On April 8, 2013, Arrizon filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody (the § 2255 Motion) alleging his

counsel performed deficiently by (1) failing to file a notice of appeal, (2) failing to challenge the

quantity and purity of the stated drug, (3) underestimating his sentencing range and informing

him that he would only receive probation by pleading guilty, and (4) being unavailable to him

thereby causing him to be unaware of the penalties he faced. (ECF No. 67).

## II.  Discussion

### A.  Ineffective Assistance of Counsel

The Sixth Amendment of the Constitution of the United States affords a criminal

defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court

"has recognized that 'the right to counsel is the right to effective assistance of counsel.' "

*Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing

*McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel

pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v.*

*Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of

counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996)

(mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

### 1. Failure to File Appeal.

If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000) Where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo* 2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007)

For such a claim to succeed, however, the client must show that he instructed his counsel to file an appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo* 2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007).  A bare assertion by the petitioner that he made such a request is not by itself sufficient to support a grant of relief, if evidence that

the fact-finder finds to be more credible indicates the contrary proposition. Id. The Defendant's

claim in this case is only a bare assertion and the evidence does not support his claim.

The Defendant  was advised of his right to appeal and the possibility of proceeding In

Forma Pauperis by the Court during sentencing. (Sent. Tr. Pp. 10-11). Moreover, and in

contradiction to Arrizon's claim, Arrizon filed a Waiver of Right of Appeal, which was signed by

both counsel and Arrizon after the hearing in which he was advised of his right to Appeal. (ECF

No. 71-1). Additionally, according to his counsel's attestation on the Waiver of Right to Appeal,

Arrizon was fully advised of his rights to perfect an appeal in his matter. (Id.) Finally, Arrizon's

counsel has provided an affidavit in which he avers that he was not asked to file an appeal on

Arrizon's behalf. (ECF No. 71-2).

The Defendant's claim that his attorney failed to appeal after being directed to do so is

without merit.

### 2.  Failure to Challenge:

The Defendant next claims that his attorney was ineffective because he failed to

"challenge the quantify and purity of the stated drugs".

The Defendant executed a Plea Agreement (ECF No. 35) on January 19, 2012 which was

tentatively accepted by the court on February 13, 2012.  In consideration of the Plea Agreement

the Government agreed to dismiss Count 4(Conspiracy) of the Indictment, as well as the

forfeiture allegation. (Id., p. 1).  As noted above, this issue was not raised on appeal.  In

paragraph 2 of the Plea Agreement the Defendant admits to the fact that the "officers found in

plain view approximately three (3) ounces of a mixture of substance containing a detectable

amount of methamphetamine, a schedule II controlled substance."  (Id., ¶2, p. 3).

Relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal if the petitioner shows cause for the default and resulting prejudice. *Reid v. U.S.*, 976 F.2d 446 at 448. As other courts have more specifically explained, however, the cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal. *Brennan v. U.S.*, 867 F.2d 111 at 120; *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir.1988). A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992); see *Davis v. United States*, 417 U.S. 333, 345 & n. 15 (1974) (federal prisoner cannot assert on collateral attack a nonconstitutional claim that was not raised on direct appeal); *Capua,* 656 F.2d at 1037 (same). *Anderson v. U.S.*  25 F.3d 704, 706 (C.A.8 (N.D.),1994).

A guilty plea operates as a break in the chain of events of the criminal process. *Tollett,* 411 U.S. at 267. Once a criminal defendant solemnly professes his guilt before the court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Only the voluntary and intelligent character of the guilty plea may be attacked. Id.; *see Bass v. United States*, 739 F.2d 405, 406 (8th Cir.1984) (the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea).

In addition, the claim that his attorney failed to object to the quality of the drugs has no relevance because the Defendant was charged with aiding and abetting Irza Arrizon with knowingly possessing with intent to distribute a controlled substance, namely  "a mixture or substance containing a detectable amount of methamphetamine".  (ECF No. 2, pp 2-3). The

quality of the drugs was not relevant and the quantify was stipulated to be 3 ounces, therefore,

any objection by the Defendant's attorney would have been meritless. It cannot be ineffective

assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8

(Minn.),1990)

      **3. Sentence Advice**:

      The Defendant contends that his attorney was ineffective because of an "underestimation"

of the sentencing range and alleged representations by his attorney that he would "only receive

probation." (ECF No. 67, p. 4). The Defendant's contention, taken liberally, is that his plea was

not voluntary.

      To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent,

and because a guilty plea constitutes a waiver of various constitutional rights, it must be made

with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United*

*States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). At the same time, an accused's

representations during plea-taking, such as those concerning the voluntariness of the plea, carry a

strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

      By signing the Plea Agreement the Defendant acknowledged that no "promises,

agreement, understandings , or conditions have been made or entered into in connection with the

decision to plead guilty except those set forth in this plea agreement." (ECF No. 35, ¶24(c). The

Defendant also acknowledged that his attorney had reviewed "every part of this agreement", had

"explained the ramifications" of the agreement, and that his plea was voluntary. The Plea

Agreement also specifically provided that the Sentencing Guidelines were advisory and not

mandatory (Id., ¶13) and that the Plea Agreement does not promise a specific sentence. (Id., ¶14).

Certainly any good faith representations by the Defendant's attorney concerning sentencing would not render the plea involuntary. See *McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (stating that a defense attorney's good faith and mistaken evaluation of or prediction about the relative advantages of pleading guilty does not necessarily constitute ineffective assistance).  The rule is clear that a defendant cannot set aside a guilty plea merely because he relied on his attorney's opinion that the sentence would be a lenient one. *Greathouse v. United States*, 548 F.2d 225, 228 n.6 (8th Cir.), cert. denied, 434 U.S. 838, 98 S.Ct. 130, 54 L.Ed.2d 100 (1977). Where "a defendant is invariably informed that the sentencing decision rests solely in the discretion of the trial court," *United States v. Goodman*, 590 F.2d 705, 711 (8th Cir.), cert. denied, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979), and where the defendant states at the sentencing hearing that he understood the negotiated plea and that there were no promises other than the plea agreement, *Pennington v. Housewright*, 666 F.2d 329, 332 (8th Cir. 1981), cert. denied, -- U.S. --, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982), the plea will not be set aside as involuntary. *Hollis v. U.S.* 687 F.2d 257, 260 (C.A.Mo., 1982).

There is no evidence that the Defendant's plea was not voluntarily entered into and his representation that he would "only receive probation" is not supported by the record.  He was advised of the sentencing provisions at his arraignment on November 17, 2011 and he received, reviewed and signed the PSR almost one month prior to entering his plea which clearly provided for the mandatory minimum sentence of five years.  His attorney has also signed an Affidavit which specifically states that he was advised of the mandatory minimum sentence. (ECF No. 71-2, p. 1). The Defendant's conclusory allegation are insufficient to establish that he was not properly advised by his attorney concerning the mandatory minimum sentence.

Vague and conclusory allegations are not sufficient to state a ground for relief under 28

U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also Smith v.*

*United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any

specifics, are subject to summary dismissal). "The subsequent presentation of conclusory

allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*,

431 U.S. 63, 74 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also

*Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are

insufficient to rebut the presumption of competency granted to defense counsel).

**4. Insufficient Contact with Attorney:**

The Defendant next contends that his attorney was unavailable when he attempted to

contact him by "phone, and by mail" and he only got to speak with him "a couple of times" and

he "therefore was unaware of the penalties that he faced". (ECF No. 67, p. 4). Construing the

Defendant's argument liberally this again seems to be an argument that the plea was not

voluntary because he was not aware of his possible penalties.

This contention founders on abundant circuit precedent holding that inaccurate advice of

counsel about the sentencing guidelines or likely punishment does not render involuntary a

defendant's decision to plead guilty, so long as the defendant is informed of the maximum

possible sentence permitted by statute and the court's ability to sentence within that range. In

*United States v. Granados,* 168 F.3d 343 (8th Cir.1999) (per curiam), for example, this court

stated that "a defendant's reliance on an attorney's mistaken impression about the length of

sentence is insufficient to render a plea involuntary as long as the court informed the defendant of

his maximum possible sentence." Id. at 345.

In this case the Defendant was specifically provided information about the statutory

penalty at arraignment, at the signing of the Plea Agreement, at the time he received the PSR and

at Sentencing by the court. *See Roberson v. United States,* 901 F.2d 1475, 1478 (8th Cir.1990)

(holding that a defendant's reliance on defense counsel's erroneous prediction that he would

receive a more lenient sentence if he pled guilty did not make his plea involuntary, where the

defendant was fully informed of the maximum sentence on each count); *Hollis v. United States*,

687 F.2d 257, 260 (8th Cir.1982) (rejecting a defendant's claim that his plea was involuntary, as

"[t]he rule is clear that a defendant cannot set aside a guilty plea merely because he relied on his

attorney's opinion that the sentence would be a lenient one")

At the sentencing hearing the Defendant maintained he was satisfied with his attorney

and, even after the court stating there was a 5 year mandatory minimum, Arrizon still said

nothing reflecting his surprise nor did he bring up that his attorney had promised a sentence of

probation in this case until 11 months after the court had imposed judgment. . (ECF No. 70, pp.7,

8). An accused's representations during plea-taking, such as those concerning the voluntariness

of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703

(8th Cir. 1997).  Where the defendant states at the sentencing hearing that he understood the

negotiated plea and that there were no promises other than the plea agreement, *Pennington v.*

*Housewright*, 666 F.2d 329, 332 (8th Cir. 1981), cert. denied, -- U.S. --, 102 S.Ct. 1775, 72

L.Ed.2d 178 (1982), the plea will not be set aside as involuntary. See  *Hollis v. U.S.*  687 F.2d

257, 260 (C.A.Mo., 1982).

**B.  Evidentiary Hearing**

A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless " 'the

motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008).

Here, a review of the motion, files, and record conclusively show Arrizon is not entitled to a hearing because there is sufficient evidence to support his conviction, his allegations are not supported by the facts, and no prejudice exists.

## C. Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997). In this case, Arrizon has not made a substantial showing of the denial of a constitutional right. Accordingly, this Court should deny any request for a certificate of appealability.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C.

§2255 be dismissed with prejudice.

      **The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

*/s/ J. Marschewski*
James R. Marschewski
Chief United States Magistrate Judge

Dated this 10th day of December 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE